IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAMONT WALKER,

                Plaintiff,

v.

SARAH MASON, TIMOTHY HAINES,
GARY BOUGHTON, CAPTAIN L. BROWN,
and JERRY SWEENY,

                Defendants.

OPINION & ORDER

14-cv-752-jdp

---

      Plaintiff Lamont Walker, a prisoner in the custody of the Wisconsin Department of Corrections currently housed at the Wisconsin Secure Program Facility, located in Boscobel, Wisconsin, has filed a complaint alleging that DOC officials wrongfully designated him as a gang member and placed him in placed him in administrative confinement. He seeks leave to proceed with his case *in forma pauperis*, and he has already made an initial partial payment of the filing fee previously determined by the court.

      Before I screen plaintiff's complaint, I will address a series of motions he has filed. First, plaintiff states that he is interested in eventually bringing a claim regarding deprivation of sunlight and the proper amount of Vitamin D, stating that he believes this court has made a recent ruling ordering Wisconsin prisons to allow more sunlight into the cells. Plaintiff is likely referring to a settlement agreement in a recent case in this court, *Schumacher v. Frank*, No. 08-cv-228-slc (W.D. Wis.). *See* Ryan J. Foley, *Life to improve for some of state's worst inmates: To settle lawsuits, officials agree to policy changes at Waupun Correctional Institution*, Wis. St. J. Sept. 5, 2010, 2010 WLNR 17808680. But plaintiff does not formally move to amend his

complaint to include claims about sunlight or vitamin deprivation, so I take no position on the merits of those claims and will not discuss them further in this screening order.

Plaintiff also asks for his cases to be reassigned to a different judge for screening. Dkt. 16 and 17. I will deny those motions because each judge in this district screens the cases before him or her in the due course of processing that judge's docket. Plaintiff has also filed a motion asking the court to issue a ruling in his cases. Dkt. 18. I will grant that motion as it applies to this case and screen his case.

In screening the complaint, I must dismiss any portions that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

After considering plaintiff's allegations, I will dismiss the complaint for plaintiff's failure to comply with Federal Rule of Procedure 8, but I will give him an opportunity to submit an amended complaint that more clearly explains the basis for his claims.

ALLEGATIONS OF FACT

Plaintiff Lamont Walker is a prisoner at the Wisconsin Secure Program Facility. Defendants all worked at WSPF. Sarah Mason was a correctional officer. Timothy Haines was the warden. Gary Boughton is the current warden. Defendant L. Brown was a captain and security threat group coordinator. Defendant Jerry Sweeny was the security director.

Plaintiff states that he is not a gang member and has not done anything that could lead officials to think he was in a gang. For the first two and one-half years of his

confinement at various Wisconsin prisons, plaintiff was not considered to be a gang member by prison staff.

In December 2010, plaintiff was transferred to WSPF. After about a year there, plaintiff was placed into administrative confinement. The documentation for that placement included a "G" on plaintiff's "face card," which plaintiff says is a notation that he was considered a gang member. Defendant Mason approved that notation. Plaintiff was never given a conduct report for gang activity and never had a formal administrative hearing to determine whether he was in fact a gang member.

Plaintiff sent each of the defendants correspondence about being wrongfully named a gang member and requesting information about that determination. Defendants have given him various inconsistent rationales for labeling him a gang member: that incriminating information was found in his "social services file," that outside law enforcement provided the information, or that he has conduct report history containing such information. Plaintiff says that none of these reasons could be true. None of the defendants has fixed the erroneous designation. Plaintiff later filed grievances about the problem, which were incorrectly rejected as "previously addressed."

At one point, plaintiff was placed in administrative segregation, but he does not explain the conditions of that segregation or how long he was placed there.

ANALYSIS

Plaintiff brings due process and equal protection claims against defendants for being labeled a gang member and being placed in administrative confinement based on that information.

The Due Process Clause of the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. To prevail on a § 1983 procedural due process claim, a plaintiff must demonstrate that he: (1) has a cognizable property or liberty interest; (2) has suffered a deprivation of that interest; and (3) was denied due process. *Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010). Plaintiff contends that he was wrongfully designated as a gang member without any process, but that mere designation does not violate his due process rights; the question is whether a property or liberty interest was affected by this designation. From plaintiff's allegations, the only interest of his that he alleges may have been affected was a potential liberty interest in avoiding segregation.

The Supreme Court has explained that a prisoner's cognizable liberty interests "will be generally limited to freedom from restraint which . . . imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). Usually, short terms of administrative confinement do not involve a liberty interest. Instead, the Supreme Court has held that discretionary segregation is "an ordinary incident of prison life that inmates should expect to experience in their lifetimes." *Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008) (internal quotations omitted). However, a period of segregated confinement may be "atypical and significant" "if the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh." *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009) (holding that a prisoner's confinement in segregation for 240 days may implicate a liberty interest).

The problem for plaintiff is that he does not explain how long he was placed in segregation or what conditions he faced there, so he fails to explain how he was deprived of any liberty interest. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

Because plaintiff's complaint does not satisfy Rule 8's standard for pleading a due process claim, I will dismiss the complaint regarding this claim and allow plaintiff to file an amended complaint that clarifies: (1) the length of time he spent in segregation and the conditions he faced there; and (2) how each individual defendant was personally involved in this deprivation. Plaintiff should draft the amended complaint as if he were telling a story to an audience who knows nothing about his situation.

Finally, although plaintiff refers to the Equal Protection Clause in the substance of his complaint, he does not identify any discriminatory treatment on the basis of his race or other "suspect classification," or even that he was singled out arbitrarily for unfair treatment in a way that might support a "class of one" claim. I will dismiss plaintiff's complaint regarding this claim as well. He is free to include such a claim in his amended complaint, but he will have to provide more detailed allegations explaining why his treatment would violate his right to equal protection.

ORDER

IT IS ORDERED that:

1. Plaintiff Lamont Walker's motions to reassign this case, Dkt. 16 and 17, are DENIED.

2. Plaintiff's motion for a ruling, Dkt. 18, is GRANTED with respect to this case.

3. Plaintiff's complaint, Dkt. 1, is DISMISSED for failing to comply with Federal Rule of Civil Procedure 8.

4. Plaintiff may have until January 4, 2015, to file an amended complaint addressing the problems articulated in this opinion. Should plaintiff fail to submit an amended complaint by this deadline, I will direct the clerk of court to enter judgment dismissing the case for plaintiff's failure to state a claim upon which relief may be granted.

Entered December 10, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge