IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LA'MONT WALKER,

                Plaintiff,

  v.

SARA MASON, TIMOTHY HAINES,
GARY BOUGHTON, LEBBEUS BROWN,
and JERRY SWEENEY,

                Defendants.[1]

OPINION & ORDER

14-cv-752-jdp

---

Plaintiff La'Mont Walker is a prisoner currently housed at the Wisconsin Secure Program Facility (WSPF). Walker alleges that prison officials wrongfully designated him as a gang member and placed him in administrative confinement there for more than three years. Defendants have filed a motion for summary judgment based on Walker's failure to exhaust his administrative remedies regarding these claims. I will grant that motion in part, dismissing Walker's claims regarding his initial placement in administrative confinement, but allowing him to continue with claims about the periodic reviews of his placement over the next few years. Walker has also filed a motion for leave to amend his complaint and a motion regarding tampering or withholding of documents. I will deny both of those motions.[2]

---

[1] I have amended the caption to reflect the correct spelling of the parties' names.

[2] Walker has also filed two motions for the court to issue a ruling on his motions, Dkt. 56, Dkt. 67, and Dkt. 70, which I will grant in issuing this decision.

A. Exhaustion

   1. Undisputed facts

Pro se plaintiff La'Mont Walker has been confined at WSPF from December 2010 to the present. In December 2011, Walker was recommended for placement into administrative confinement on the ground that he presented a substantial risk of serious physical harm to other inmates and staff. Walker had a large number of disciplinary infractions over the preceding 18 months. Walker believes this was in part due to an erroneous determination that he was involved in gang-related activity.

On December 23, 2011, The Administrative Confinement Review Committee (ACRC) reviewed the records and recommended that Walker be placed in administrative confinement. Under Wisconsin Administrative Code § DOC 308.04(9), an inmate may appeal the ACRC decision to the warden and then to an "administrator." Walker did not appeal this decision. After an inmate exhausts this process, the Wisconsin Administrative Code also allows inmates to use Inmate Complaint Review System (ICRS) grievances to challenge the procedure used in the administrative confinement review process. Wis. Admin. Code § DOC 310.08(3).

An inmate's status in administrative confinement is reviewed at least every six months by the ACRC. Wis. Admin. Code § DOC 308.04(10). After an inmate has been in administrative confinement for 12 months or longer, the ACRC's decisions are automatically reviewed by the warden and administrator. Wis. Admin. Code § DOC 308.04(11). An inmate may also file a procedure-based grievance through the ICRS. *Id*. Walker filed a series of ICRS grievances in the months and years following his initial confinement, none of which were successful. Walker served a total of about three and one-half years in administrative confinement.

2

2. Analysis

Defendants have filed a motion for summary judgment on the ground that Walker failed to exhaust his administrative remedies on his due process claims.

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and "applies to all inmate suits." *Woodford v. Ngo*, 548 U.S. 81 (2006); *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion requirement's primary purpose is to "alert[ ] the state" to the problem "and invit[e] corrective action." *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004).

Section 1997e(a) requires "proper exhaustion," *Woodford*, 548 U.S. at 93; *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which means that the prisoner must follow prison rules when filing the initial grievance and all necessary appeals, "in the place, and at the time, the prison's administrative rules require." *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo*, 286 F.3d at 1024.

Because exhaustion is an affirmative defense, defendants bear the burden of establishing that Walker failed to exhaust his available remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007). At the summary judgment stage, they must show that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The state contends that Walker has failed to exhaust all of his claims because he failed to appeal his initial placement in administrative confinement. Walker concedes that he did not appeal the initial ACRC decision. I agree with the state that Walker's failure to appeal his

3

initial placement means that he has failed to exhaust his administrative remedies with regard to the initial placement, because he failed to pursue the administrative remedies afforded to him by the state.

But this case is not just about Walker's initial placement in administrative confinement. It is about his continued, three-and-one-half-year placement. *See Hewitt v. Helms*, 459 U.S. 460, 477 n.9 (1983) (inmates have due process right to periodic review of administrative segregation placement), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). In particular, Walker brings claims that defendants continued to keep him in administrative confinement as a "gang member" even though he was never given a conduct report for gang activity and never had a formal administrative hearing to determine whether he was in fact a gang member.

The state argues that Walker's failure to file an appeal of the initial administrative confinement determination dooms his claims regarding the entire three-and-one-half-year period. But this would mean that an inmate who failed to appeal the initial determination could be placed in administrative confinement for years or even decades, but would *never* be able to file a lawsuit about that confinement. I conclude that the state fails in its burden to prove this theory: it fails to cite to any analogous cases holding that a failure to exhaust an initial confinement determination dooms a claim in perpetuity. It argues that under *Boyd v. Shannon-Sharpe*, No. 15-C-832, 2016 WL 2858834 (E.D. Wis. May 16, 2016), Walker's grievances filed months or years after his initial placement "cannot remedy his failure to appeal the placement decision to the warden." Dkt. 50, at 2. In *Boyd*, the court said that an inmate who filed an ICRS grievance about his administrative confinement hearing could not "backdoor his challenge through the grievance process when he should have made that challenge directly

under § DOC 308.04(9)." 2016 WL 2858834, at *5. But Boyd's ICRS grievance was filed days after his initial hearing in lieu of properly finishing his appeal, not months or years after in response to his periodic reviews. I agree with the state that an inmate must use the correct appeals process to challenge the initial placement. But *Boyd* is not about continued placement, so it does not provide any guidance for Walker's situation. I will not grant summary judgment to defendants on the theory that all of his claims must be dismissed because of his failure to correctly appeal his initial placement.

That leaves the other main issue briefed by the parties: whether Walker's series of later grievances served to exhaust his claims. But the state ultimately fails to persuade me that these grievances matter at all. The thrust of Walker's claims is that defendants ignored his repeated assertions that he did not belong in administrative confinement based on an erroneous determination that he was a gang member. This is a substantive challenge to the ongoing decisions to keep him in administrative confinement: he is saying prison officials got it wrong and failed to correct their mistake.

Walker is required to exhaust only *available* remedies. From the administrative code provisions discussed by the parties and my own review of the code, there does not appear to be a way for an inmate to challenge the substance of a decision to keep him in administrative confinement, as opposed to the procedure used in the decision. Rather, the substantive question over whether he truly belonged in segregation was automatically reviewed by the warden and administrator, leaving Walker with nothing further to exhaust. A different system might force an inmate to initiate appeals of the retention decisions, but that is not the case here. Because there were no available remedies for Walker to exhaust, I will deny defendants'

motion for summary judgment on his claims concerning his ongoing administrative confinement.[3]

Because the January 8 trial date is approaching and the parties have not yet has a chance to file summary judgment briefing the substantive aspects of the case, I will strike the trial date and associated pretrial deadlines, to be rescheduled should the case survive summary judgment. I will set a new dispositive motions deadline below.

**B. Motion regarding documents in Walker's security file**

Walker has filed a document stating that he believes that defendants have kept from him evidence in his "security file" showing that prison staff falsely accused him of being a gang member, and that he is concerned that defendant Brown (who is a non-security staffer) will gain access to his security file. This case is not about prison officials viewing documents to which they do not have access, and Walker does not allege that Brown or anyone else is going to destroy any of his records, so I do not need to consider this allegation any further. But if he is saying that defendants are withholding documents from him, he should file a formal motion to compel discovery, in which he explains exactly what document or types of documents he requested from defendants, how they responded, and why that response is insufficient.

**C. Motion for leave to amend complaint**

Walker would like to expand the schedule even further. He has filed a motion for leave to amend his complaint a second time, to add new due process claims about his administrative confinement. Under Federal Rule of Civil Procedure 15(a)(2), I should "freely give leave when

---

[3] It remains possible that some of defendants' alleged actions were taken outside of the ACRC process altogether and thus not subject to the specialized grievance or appeal procedures concerning that process. But defendants do not raise that argument in their briefing so I will not consider it further.

justice so requires." But Walker fails to show why justice requires amendment this late into the case. He does not actually provide a proposed amended complaint, nor does he explain with any specificity the claims he wants to add. He also does not explain why he waited until ten months after screening of his first amended complaint to file this new motion to amend. I conclude that Walker has fail to shown any reason to allow him to amend the complaint, even under the relatively generous Rule 15(a)(2) standard.

ORDER

IT IS ORDERED that:

1. Plaintiff La'Mont Walker's motions for a ruling on his motions, Dkt. 56, Dkt. 67, and Dkt. 70, are GRANTED.

2. Defendants' motion for summary judgment based on plaintiff's failure to exhaust his administrative remedies, Dkt. 44, is GRANTED in part. Plaintiff's claims pertaining to his initial placement in administrative confinement are DISMISSED. The motion is DENIED on plaintiff's claims about his continued long-term placement in administrative confinement.

3. The remaining schedule is STRUCK. A new trial date and associated pretrial deadlines will be set should plaintiff's claims survive summary judgment. The new dispositive motions deadline is January 15, 2018.

4. Plaintiff's motion for leave to file a second amended complaint, Dkt. 64, is DENIED.

Entered November 17, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge