IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAMONT WALKER,

                Plaintiff,

v.

SARAH MASON, TIMOTHY HAINES,
GARY BOUGHTON, CAPTAIN L. BROWN,
and JERRY SWEENY,

                Defendants.

ORDER

14-cv-752-jdp

---

Plaintiff Lamont Walker, a prisoner housed at the Wisconsin Secure Program Facility, is proceeding on claims that prison officials violated his due process rights by wrongfully designated him as a gang member and placing him in administrative confinement. In a November 17, 2017 order, I dismissed some of Walker's claims for his failure to exhaust his administrative remedies, and set a January 15, 2018 deadline for the parties to file summary judgment motions on the substance of Walker's remaining claims. Dkt. 72.

Counsel for defendants has filed a motion asking for a stay of the schedule because she "has become unexpectedly unavailable due to medical issues arising in advance of her upcoming family leave," originally scheduled for mid-January to mid-April 2018, that "may require immediate, extended hospitalization with no prior warning." Dkt. 73 and Dkt. 74. The Wisconsin DOJ's Civil Litigation Unit director has submitted a declaration stating that vacancies in the unit, leave schedules, and increased caseloads make it impossible for other assistant attorneys general to absorb counsel's docket. Dkt. 75. The state also notes that this case involves only claims for past harm, decreasing the need for immediate resolution of the case.

I asked Walker to respond to this request. He does not object to a stay, but he requests that defendants respond to discovery requests he has recently submitted. Dkt. 76. I will grant the motion to stay and set a new dispositive motions deadline of May 15, 2018. I expect the state to respond to Walker's discovery requests, although from its submissions, it is unclear to me whether counsel is *currently* available to respond. I will give counsel, or her substitute, a short time to respond to this order explaining whether the state will respond to the requests now or after counsel's leave is completed. Either way, I will ensure that Walker be given adequate time to prepare summary judgment materials.

I will not bar Walker from submitting new filings during counsel's leave, but he should not expect the court or defendants to take any action on those submissions until counsel returns from leave.

ORDER

IT IS ORDERED that:

1. Defendants' motion for a stay of the proceedings, Dkt. 73, is GRANTED. The new dispositive motions deadline is May 15, 2018.

2. Defendants may have until December 22, 2017, to inform the court whether counsel is available to immediately respond to Walker's discovery requests.

Entered December 14, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge